**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Linfo IP LLC,<br>Plaintiff,<br>v.<br>ZipRecruiter Incorporated,<br>Defendant. | No. CV-25-03718-PHX-DJH<br>**ORDER** |

At issue is a Motion to Dismiss filed by Defendant ZipRecruiter Incorporated ("ZipRecruiter") with a Response from Plaintiff Linfo IP LLC ("Linfo") and a Reply from ZipRecruiter. (Docs. 25, 27 & 30). For the reasons stated below, the Court will grant ZipRecruiter's Motion to Dismiss.

**I. Background**

According to Linfo's patent application, there are generally two types of data: structured data and unstructured data. (Doc. 1-1 at 13, Ex. A, Linfo Patent Application). Structured data can fit neatly into a database and then be searched using a targeted query. (*Id.*) Unstructured data on the other hand, like data commonly found on text documents, cannot fit into a table or database format. (*Id.*) And that is the dilemma Linfo says it solved with its patent. Before its invention, Linfo argues that recruiters had to arduously sift through resumes to find pertinent skills and then match those skills with job postings. (Doc. 1-1 at 13, Ex. A, Linfo Patent Application). The only alternative method to physically examining the documents was to perform a keyword-based query, which

resulted in a limited scope search return. (*Id.*) Linfo says its invention is novel because it can take a resume or job description document and do a search query and pull out the crucial information without requiring the user to open up the document. (*Id.*) This becomes important when a recruiter analyzes a job description document and then distills it to a few words to then search in a resume repository to find suitable candidates. (*Id.* at 14). Linfo says its invention streamlines this process by first scanning the job description document for certain terms and then assigns a numerical value to those terms that represents how important those specific terms are. (*Id.*) Once the terms have been ranked by importance via a numerical value, then those terms are used together to construct a search query. (*Id.*)

This same process can also be done by starting with the resume instead of the job description document by using the exact same process and assigning a numerical value in the same way. (*Id.*) The resume to job description document repository search also then leads to a specific search query using the important terms. (*Id.*) The process, either from resume to job description document, or job description document to resume repository search, does not require the user to open up the document. (*Id.*) Linfo also says that the results from such search queries can be displayed in different formats to differentiate candidates based on their suitability and pool them into either senior, medium-level, or junior roles. (*Id.)* Different skillsets on the job description document are also labeled with different numerical values based on whether they are required, preferred, or optional skills. (*Id.*) The same is true for certain verbs and nouns and experiences like the following examples: design, lead, experience, familiarity, proficient, expert, etc. (*Id.*) These adjectives, nouns, and experiences are linked with a numerical value that Linfo calls a co-efficient. (*Id.*) Linfo describes the primary objective of this invention as "to automate the resume search process without requiring the user to read and understand the job description, and to produce more accurate results than conventional keyword-based search that may miss certain important key-words in the job description." (*Id.* at 15).

At issue in this particular case is the invention described above and its alleged

infringement by ZipRecruiter. (Doc. 1 at 3). The invention above was patented by Linfo on May 30, 2017, and given the patent number 9,665,641. ("641 patent"). (*Id.*) To describe it simply, Linfo says that the 641 patent "relates to novel and improved systems and methods for conducting electronic commerce." (*Id.*) In all, patent 641 comprises 20 claims ("claims 1–20"), all related to how this query-based interface works and slicing the method used to extract terms from a resume and job description document further and further. ((Doc. 1-1 at 13–22, Ex. A, Linfo Patent Application).

Linfo alleges that ZipRecruiter infringed on its 641 patent by offering up its exact invention to its consumers. (*Id.* at ¶ 9). Attached to the complaint is an Exhibit showing how ZipRecruiter's search query box allows it users to upload their resumes, produce a certain search query phrase or terms, and then match it against a job description repository. (Doc. 1-2 at 4–17, Ex. B, Attached Exhibit showing ZipRecruiter's Infringing actions). The Court notes however, that although the Complaint itself says that that ZipRecruiter infringed on claims 1–20, the attached exhibits only show its infringement of Claim 8 of patent 641. (*Id.*) Claim 8 says is comprised of the following:

> 8. A computer-implemented method for searching jobs, comprising: obtaining a search query, wherein the query comprises one or more terms or a resume document comprising one or more terms; obtaining a plurality of job description documents or a job description index associated with a plurality of job description documents, each comprising a plurality of terms, wherein at least one of the terms represents a name of a job-related skill or experience or qualification, and is associated with an indicator indicating the degree of the requirement of the skill or experience or qualification, wherein the indicator includes a numerical value or a text description or a visual object, wherein at least one term in the job description document matches a term in the query; for one or more of the job description documents, calculating a score based at least on the indicator; selecting one or more job description documents as a search result, wherein the score for each of the one or more job description documents is above a threshold; dividing the search result into a first group and a second group, or attaching a first label or a second label to the one or more job description documents in the search result, based on the score; and displaying, in a user interface, the first group in a first display area or in a first display format, and the second group in a second display area or in a second display format, wherein at least one of the groups has a label representing the content type of the group; or displaying the first label or the second

> label in association with the one or more job description documents in the result, wherein the content type of the group or the first label or the second label includes at least "senior", or "medium", or "junior".

(Doc. 1-2 at 5, Ex. B, Claim 8 and Infringement). For reasons set forth below, the Court finds that Claim 8 is both a representative claim for the entire patent and that it is patent ineligible such that ZipRecruiter's Motion to Dismiss should be granted.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the district court must take all factual allegations in the complaint as true, it may disregard legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555 (citation omitted). "A patent may be determined ineligible at the Rule 12(b)(6) stage 'when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law.' " *Simio, LLC v. FlexSim Software Prod., Inc.*, 983 F.3d 1353, 1359 (Fed. Cir. 2020) (quoting *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018)).

Section 101 of the Patent Act governs eligibility. It provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. There is a long-recognized, implicit exception for laws of nature, natural phenomena, and abstract ideas because they are the basic tools of scientific and technological work, and making them patentable would be at odds with the goal of our patent system to foster innovation. *See Gottschalk v. Benson*, 409 U.S. 63, 67 (1972). In *Alice Corp. Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014), the Supreme Court set out our two-step test for

evaluating patent claims under Section 101.

At *Alice* step one, the district court determines whether the claims are directed to a patent-ineligible concept, like an abstract idea. *Id.* at 218. Here, "[t]he claims are considered in their entirety to ascertain whether their character as a whole is directed to excluded subject matter." *Internet Pats. Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015). The Federal Circuit has explained that "[a]n abstract idea does not become nonabstract by limiting the invention to a particular field of use or technological environment, such as the [i]nternet." *Intell. Ventures I LLC v. Cap. One Bank (USA)*, 792 F.3d 1363, 1366 (Fed. Cir. 2015). "An abstract idea on 'an [i]nternet computer network' or on a generic computer is still an abstract idea." *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1348 (Fed. Cir. 2016) (quoting *id.* at 1368 n. 2).

Should the district court find that the claims are directed to an abstract idea or another patent-ineligible concept, the analysis continues to *Alice* step two. At this step, the district court examines the elements of the claims to determine whether they contain an inventive concept sufficient to transform the claimed patent-ineligible concept into a patent-eligible application. *Alice*, 573 U.S. at 221. The inventive concept may arise in one or more elements or in an ordered combination of elements. *Id.* at 217. Here, the district court is tasked with assessing whether these elements "do more than simply recite a 'well-understood, routine, conventional activity.' " *Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1346 (Fed. Cir. 2021) (quoting *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 72 (2012)). This requirement is not satisfied by claims that use generic, functional language to achieve their purported solution without reciting "*how* the desired result is achieved." *Two-Way Medical Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017) (quoting *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016)).

Thus, if the claims are directed to an abstract idea at the first step of the *Alice* analysis, and the claims lack an inventive concept sufficient to transform the abstract idea into a patent-eligible application at the second step of the *Alice* analysis, the claims are

ineligible under Section 101.

## III. Discussion

ZipRecruiter starts off by saying that Claim 8 is the representative claim for all claims that are alleged to be patented by Linfo. (Doc. 25 at 11). That is, although Linfo says that claims 1–20 encompass the entirety of its patent, it has only attached exhibits purporting to show infringing activity related to Claim 8. (*Id.*) Further, ZipRecruiter argues that the idea of a tabulated searchable database query and query format is not a patentable idea under *Alice* step one. (*Id.* at 13). Because Claim 8 is directed towards an abstract idea, ZipRecruiter argues that the Court should also find that Claim 8 stalls at *Alice* step two. (Id. at 18). What this means for Linfo is that its patent is invalid unless the Court finds that Claim 8 is an inventive concept under *Alice* step two. Linfo argues that its other claims are independent of Claim 8 and add a distinctive technological component to the patent overall. (Doc. 27 at 20).

### a. Representative Claim

As a threshold matter, the Court must determine if Claim 8 is representative of all the patented claims brought by Linfo. Linfo's patent application lists a total of 20 claims that it says comprises its novel invention. The Court may treat a claim as representative if the proponent of the patent does not present a meaningful argument as to the distinguishing factors of any claims not found in the representative claim. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) (citation omitted). In other words, if the representative claim encompasses the ideas and the methods in the other claims, then that is the claim that is analyzed under *Alice* steps one and two. Linfo argues that the other claims add other components to the search results that Claim 8 does not add like a relevance score based on "skills/positions/job roles/education levels" for Claim 1. (Doc. 27 at 20). Other alleged distinct markers include using different documents to extract information (Claim 9) and then "multi-attribute indicators" (Claims 2–7 and Claims 17–20) that are simply described as "importance and strength" in Claim 9 and "numeric/text/visual indicator types, multi-document and multi-population indicators."

(Doc. 27 at 20).[1] Not only are these generic descriptors not explained or differentiated from Claim 8, but the Court also finds that Claim 8 encompasses these attributes. Claim 8 specifically comprises of terms that represent "a name of a job-related skill or experience or qualification and is associated with an indicator indicating the degree of the requirement of the skill . . . ." (Doc. 1-2 at 5, Ex. B, Claim 8). It also includes "indicator includes a numerical value or a text description or a visual object" directly mirroring the "numeric/text/visual indicator types, multi-document and multi-population indicators" referenced in the other claims. (*Id.*) As far as multi-documents and multi-populations are concerned, Claim 8 clearly contemplates those when it uses the following language: "a plurality of job description documents or a job description index associated with a plurality of job description documents. . . ." (*Id.*) Because the Court finds that Claim 8 engulfs the other claims at issue, Claim 8 will be the representative claim.

**b. *Alice* step-one analysis**

At *Alice* step one, the Court holds that Claim 8 is an abstract patent-ineligible idea. Under this step, the Federal Circuit is clear that "collecting information, including when limited to a particular content (which does not change its character as information), is within the realm of abstract ideas." *Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1055 (Fed. Cir. 2017). Here, Linfo reportedly extracts information from resumes and job description documents and assigns them to a coefficient and numeric value and says that it then creates special search queries with that information. But combining and synthesizing data from various sources and altering its presentation but not its character, is within the realm of abstract ideas. *Elec. Power Grp.*, 830 F.3d at 1353; *see also Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) (identifying "the abstract idea of 1) collecting data, 2) recognizing certain data within the collected data set, and 3) storing that recognized data in a memory"). By contrast, for something to not be classified as an abstract idea, it must improve computer capabilities instead of merely the computer as a tool in its overall

---

process. *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016). With no improvement to computer capabilities present here, the Court finds that Linfo's Claim 8 is simply an abstract idea.

**c. *Alice* step-two analysis**

For *Alice* step two, the Court finds that Claim 8 does not invoke an inventive concept. If the elements of an abstract idea, even combined, do nothing more than appeal to a "well-understood, routine, conventional activity" that does nothing more than cite to generic functional language that does not describe *how* the technology works, than it remains patent-ineligible under *Alice* step two. In practice, the patent has to "amount to more than a patent upon the ineligible concept itself." *Miller Mendel, Inc. v. City of Anna, Texas*, 107 F.4th 1345, 1353 (Fed. Cir.), *cert. denied*, 107 F. 4th 1345 (2024). Dispositive determination under step two usually results when only conventional computers and network components operating according to their baseline usual functions are markedly present. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1169–70 (Fed. Cir. 2018). Here, computer and network components only feature in so far as what the compiled database and search queries are used on. Nothing more is alleged by Linfo.

To push back, Linfo notes that "curated lexicons of importance-indicating verbs/adjectives and map them to specific numeric coefficient" adds the transformative component required for Claim 8 to be inventive under *Alice* step two. (Doc. 27 at 18). But again, the "inventive concept cannot be the abstract idea itself." *Berkheimer v. HP Inc.*, 890 F.3d 1369, 1374 (Fed. Cir. 2018). Besides reiterating the abstract idea that is patent-ineligible, Linfo has failed to show the Court how the concept of creating a database by extracting terms from documents is inventive. Relying on conventional computer and network methods is not a persuasive showing under *Alice* step two. *Teradata US, Inc. v. SAP SE*, 2021 WL 6332792, at *13 (N.D. Cal. Oct. 5, 2021). For those reasons, the Court finds that Claim 8 is not inventive under *Alice* step two. Having so found, the Court concludes that Claim 8 is patent-ineligible and that ZipRecruiter's Motion to Dismiss should be granted.

## IV. Leave to Amend

Because Claim 8 is patent ineligible under 35 U.S.C. § 101 and because adding more factual allegations would be futile without sufficiently protected underlying technology, the Court finds that leave to amend should be denied. *See, e.g., Accelerated Memory Tech, LLC v. Hulu, LLC*, 2020 WL 1934979, at *7 (C.D. Cal. Jan. 8, 2020) (denying patentee's leave to amend because it had "not provided a basis to show that it could add allegations to the complaint that would both be consistent with the patent intrinsic record and also support a position of patent eligibility under 35 U.S.C. § 101.").

Accordingly,

**IT IS ORDERED** that ZipRecruiter's Motion to Dismiss (Doc. 25) is **granted** and Linfo's Complaint is **dismissed with prejudice.** The Clerk is directed to enter judgment accordingly and terminate this case.

Dated this 26th day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge